UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOBY MARTINEZ,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, a corporation; DOES 1 through 10;,<br><br>　　　　　　　　　　　Defendant. | Case No.: 24CV1763-AGS (BLM)<br><br>**ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER WITH MODIFICATIONS**<br><br>**[ECF NO. 10]** |

On December 6, 2024, the parties filed a "Joint Motion for Stipulated Protective Order." Mot., ECF No. 10. The parties agree on all terms of the Protective Order with the exception of paragraph 8 which governs disclosure of the confidential information to independent experts. Id. at 6.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 26 permits courts to enter orders to protect the disclosure of material produced in discovery. Fed. R. Civ. P. 26(c)(1). Rule 26(c) specifies that a party must show good cause for issuance of a protective order. Id. District courts maintain "broad latitude to grant protective orders to prevent disclosure of materials for many types of information[.]" Nalco Company LLC v. Carota, 2022 WL 17219976, at *6 (quoting Philips ex rel. Ests. of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002)). "The Supreme Court

has interpreted this language as conferring 'broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.'" In re Outlaw Laboratories, LP Litigation, 2021 WL 1102421, at *4 (quoting Philips, 307 F.3d at 1211).

## **CONFIDENTIAL INFORMATION – INDEPENDENT EXPERT**

Defendant proposes the language for paragraph 8 contained in the Southern District of California's model protective order[1] which is as follows:

> Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any confidential information will be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert must provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any confidential information of the producing party to the expert. Any objection by the producing party to an independent expert receiving confidential information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert. Confidential information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts must not be unreasonably withheld.

In support of the use of the Court's model order language, Defendant contends that this language "ensures any independent expert will not disclose in any manner any information or item that is subject to the Order to any person or entity, except in strict compliance with the provisions of the Order." Mot. at 5. In addition, Defendants contend that without this language, "Plaintiff's independent experts may use/disclose protected information without any consequence in this matter as well as others against Ford." Id.

///
///

---

[1] See https://www.casd.uscourts.gov/forms.aspx?list=all (website last visited Dec. 12, 2024).

Plaintiff seeks to eliminate most of the language in this paragraph and proposes to limit paragraph 8 to the following language: "Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by independent experts."  Id.  Plaintiff opposes Defendant's proposed language contending that requiring Defendants' permission to share technical information they deem confidential to their experts "creates unnecessary and unreasonable hurdles to otherwise ordinary Song Beverly Consumer Warranty Act discovery that is necessarily going to occur."  Id. at 2.

The Court notes that the purpose of the protective order is to protect confidential information and prevent the dissemination of such information to unauthorized parties.  The Court agrees that Defendant's proposed language is necessary to avoid unauthorized dissemination of confidential information.  Moreover, Plaintiff fails to provide any support or explanation as to how the Defendant's proposed language would create "unreasonable hurdles" with regard to potential discovery in this action.

The Court adopts the language proposed by Defendant to govern the disclosure of such information. Accordingly, for good cause, the parties' joint motion for a protective order is GRANTED  with the following modification:

> Paragraph 8: Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any confidential information will be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert must provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any confidential information of the producing party to the expert. Any objection by the producing party to an independent expert receiving confidential information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert. Confidential information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent

experts must not be unreasonably withheld.

## Conclusion

For good cause, the parties' motion for a protective order is **GRANTED** as modified by this Order.

**IT IS SO ORDERED**.

Dated: 12/13/2024

Hon. Barbara L. Major
United States Magistrate Judge