UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOBY MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>Defendants. | Case No.: 24CV1763-AGS (BLM)<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR AN ORDER TO MODIFY SCHEDULING ORDER TO SUBSITUTE EXPERT AND TO RE-OPEN DISCOVERY** |

Currently before the Court is Defendant Ford Motor Company's ("Defendant") March 9, 2026 Ex Parte Motion for an Order to Modify Scheduling Order to Substitute Expert and Re-Open Expert Discovery ("Motion") [ECF No. 48], Plaintiff Toby Martinez's ("Plaintiff") March 20, 2026 Opposition ("Oppo") [ECF No. 51], and Defendant's Reply in Support of Motion ("Reply") [ECF No. 52]. After reviewing Defendant's Motion and Reply, Plaintiff's Oppo, and all supporting documents, the Court **GRANTS**, in part, Defendant's Motion for the reasons set forth below.

### RELEVANT PROCEDURAL BACKGROUND

On November 13, 2024, this Court issued a Scheduling Order. See ECF No. 9. In this Scheduling Order, the expert witness designations and disclosures deadline was April 18, 2025 and the close of expert discovery was August 22, 2025. Id. On January 26, 2026, District Judge Andrew Schopler set the Pretrial Conference for April 24, 2026. ECF No. 47. Defendant brought the current ex parte motion before this Court on March 9, 2026 seeking to substitute its expert

1

witness and reopen expert discovery.  ECF No. 48.  This Court issued a briefing.  ECF No. 49. In light of the issuance of this briefing schedule, Judge Schopler vacated the Pretrial Conference and denied all the pending motions in limine without prejudice.  ECF No. 50.  Judge Schopler also order the parties to meet and confer within seven (7) days of the close of discovery and propose a motion in limine briefing schedule and present three potential final Pretrial Conference dates.  Id.

## DEFENDANT'S POSITION

Defendant seeks to modify the Scheduling Order in order to reopen expert discovery to substitute its expert witness and extend the expert disclosure and report deadline.  Mot. at 2. Defendant initially retained Sam Veith, a Ford field service engineer,  as an expert and disclosed his report to Plaintiff in April of 2025.  See Decl. of Evan J. Critchlow in Supp, of Defendant's Motion to Reopen Expert Discovery ("Critchlow Decl."), ECF No. 48-2 at ¶ 4.  Mr. Veith's deposition was taken in November of 2025.  Id. at ¶ 5.  However, defense counsel subsequently learned that Mr. Veith left Ford at the end of 2025 and was no longer available as an expert. Id. at ¶ 6. Defense counsel was later able to retain a new expert, Greg West, and informed Plaintiff's counsel of these circumstances during meet and confer efforts in January 2026 with respect to the upcoming trial. Id. at ¶¶ 8, 9.  Defense counsel contends that the Court should find he has demonstrated excusable neglect, there is good cause to reopen expert discovery, allow Defendant to substitute its expert, and extend the expert disclosure and report deadline. Mot. at 4-7.

## PLAINTIFF'S POSITION

Plaintiff contends that good cause does not exist to reopen discovery.  Oppo at 3-4. Plaintiff argues that Defendant missed the April deadline to serve Veith's expert report because what Defendant served in April was not a report and the actual  expert report was not served until August of 2025, months after the deadline had passed.  See  id.; Decl. of Daniel Z. Inscore in Supp. of Oppo to Motion to Reopen Expert Discovery ("Inscore Decl."), ECF No. 51-1, Ex. C. Defendant conceded in August of 2025 that it failed to comply with expert disclosures and advised Plaintiff that it would need to seek relief from the court but failed to do so.  Oppo. at 5.

As a result of Defendant's failure to timely serve the expert report, Rule 37(c)(1), rather than Rule 16(b), is the standard the Court must apply in ruling on this motion and the Court should strike the untimely designation of Defendant's expert and exclude the report pursuant to Rule 37(c)(1)(C). Id. at 6 (citing Fed.R.Civ.P. 37(c)(1)). Even if the Court applies the good cause standard pursuant to Rule 16(b), Defendant cannot establish good cause because Defendant failed to act "diligently to comply with expert disclosure requirements and deadlines." Oppo at 10.

### DEFENDANT'S REPLY

Defendant contends whether the Court applies the standard found in Rule 16(b) or the one in Rule 37(c)(1), it has demonstrated that the delay in seeking to substitute its expert witness was substantially justified, Defendant acted "promptly to secure a replacement", and the delay is harmless because Plaintiff will have an opportunity to depose the newly retained expert. Reply at 2. To the extent that the Court may impose sanctions, the Court has the discretion to impose sanctions other than striking the expert's report and can instead issue an order compensating Plaintiff's counsel for related discovery costs. Id. at 3-4.

### DISCUSSION

As set forth above, the parties disagree as to the legal standard that applies when deciding whether Defendant should be permitted to substitute its expert witness after the close of expert discovery. In the Ninth Circuit, courts have held that the Rule 16(b) good cause standard applies to requests to amend scheduling orders for the purpose of substituting an expert after the expert designation and expert discovery deadline has passed. See Fidelity Nat'l Fin., Inc. v. Nat's Union Fire Ins. Co. of Pittsburgh, PA, 308 F.R.D. 649, 652 (S.D. Cal. 2015)[1] ("At its heart, [the parties'] request to designate a substitute expert long after the expert designation deadline is in fact, a request to amend the Scheduling Order.") Accordingly, the Court will apply the Rule 16 standard, rather than Rule 37 in this dispute.

---

[1] In Fidelity, the court also found that when comparing Rule 16(b) to Rule 37(c), "the factors are largely coextensive." Fidelity Nat. Financial, 308 F.R.D. at 652.

### A.   Legal Standard

Once a Rule 16 scheduling order is issued, dates set forth therein may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Rule 16 good cause standard focuses on the "reasonable diligence" of the moving party. Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000) (stating Rule 16(b) scheduling order may be modified for "good cause" based primarily on diligence of moving party). Essentially, "the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992); Chang v. Cashman, 723 F.Supp.3d 772, 779 (N.D. Cal. 2024) (The good cause standard under Rule 16(b) for modifying a scheduling order primarily considers the diligence of the party seeking the amendment.) However, a court also may consider the "existence or degree of prejudice to the party opposing the modification...." Id.

When a party seeks to reopen discovery there are several factors a court may consider in deciding whether to grant the request: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017). "Whether to reopen discovery rests in the court's sound discretion." Bleek v. Supervalu, Inc., 95 F. Supp. 2d 1118, 1120 (D. Mont. 2000) (citing U.S. ex rel. Schumer v. Hughes Aircraft, 63 F.3d 1512, 1526 (9th Cir. 1995)).

### B.   Substitution of Expert and Reopening Discovery

#### 1.   Diligence

The Court will first consider whether Defendant was diligent in seeking relief as it is the "focus of the inquiry" into the "moving party's reasons for seeking modification." Johnson, 975 F.2d at 609.  Defendant's expert, Mr. Veith, was designated in April 2025 and his deposition was taken in November 2025.  Critchlow Decl. at ¶¶ 4, 5.  Mr. Critchlow declares that by the end of

2025 he became aware that Mr. Veith was no longer employed by Ford and he would have to retain a new expert. Id. at ¶ 6. Defendant argues that the circumstances of the loss of its expert witness was "beyond counsel's control" which "made it difficult to secure" another expert within the Court's deadlines. Mot. at 4. Specifically, Defendant contends there is an "industry-wide backlog, and the sudden loss of available field-service engineers going to plaintiffs' firms throughout the state, impeded efforts to identify a suitable replacement in a timely manner." Id. Mr. Critchlow attests that they were only recently able to retain a new expert after contracting with a third-party entity. Critchlow Decl. at ¶ 8. He further attests in January of 2026 he informed Plaintiff's counsel of the continued efforts to retain a new expert Id. at ¶ 10. Shortly after Defendant retained a new expert in early March, defense counsel sent emails on March 2, 4, and 6, 2026 to Plaintiff's counsel notifying Plaintiff that it had retained a new expert and attempting to seek an agreement to file a joint motion to amend the scheduling order. Id. at ¶ 11, Ex. A. After receiving no response from Plaintiff's counsel to the emails, defense counsel made a telephone call to Plaintiff's counsel on March 9, 2026 and filed the instant ex parte motion. Id. at ¶ 10.

In response, Plaintiff argues that Defendant failed to timely serve the expert report of Defendant's former expert, Mr. Veith, and admitted to this failure in opposing one of Plaintiff's motions in limine.[2] Oppo at 9. Plaintiff argues that this "admission is fatal to Ford's attempt to show diligence because it establishes Ford did not do what was required at the time it was required." Id. Plaintiff's opposition claims that there is "no evidence Mr. Veith has been exclusively employed by a plaintiff's law firm" and argues that the evidence does show that Mr. Veith "has set up an independent expert witness business." Oppo at 2; Inscore Decl., Ex. A, Veith Automotive Experts, LLC Articles of Organization dated August 18, 2025. A review of the cited document indicates that Mr. Veith established his "independent expert witness business" while still employed by Defendant and prior to the time his deposition was taken in November.

---

[2] Several motions in limine were filed by both parties but these motions have been denied as moot by District Judge Schopler without prejudice to be refiled once the pretrial conference date is reset. See ECF No. 50.

24CV1763-AGS (BLM)

Mr. Critchow attests, and this is not disputed by Plaintiff, that Mr. Veith was no longer employed by Defendant at the *end* of 2025.  Critchow Decl. at ¶ 6 (emphasis added).

Based on the record, the Court finds there is evidence that Defendant's need to substitute its expert is due to unforeseen circumstances beyond the control of Defendant's counsel and not the result of Defendant's lack of diligence in timely serving an expert report that can no longer be relied on. The Court further finds that Defendant acted diligently in its efforts to identify and retain a new expert after learning of the problem with the original expert and in notifying Plaintiff's counsel of the issue.[3]  Even if the timeline is not entirely clear, there was just a few weeks, at most, between the time Defendant discovered the unavailability of its expert and notifying Plaintiff of its attempts to seek a substitution. Even if Plaintiff can demonstrate that Defendant was not diligent with previous timelines, the Court finds that Defendant was diligent as to the expert substitution.

2.    Prejudice

The Court must also consider whether Plaintiff would be prejudiced if Defendant were permitted to designate a new expert and reopen expert discovery at this stage of the litigation and reopen.  See Fed.R.Civ.P. 16(b); Johnson, 975 F.2d at 609. The Court applies the factors identified in City of Pomona and finds that Plaintiff would not be unduly prejudiced by the limited reopening of expert discovery to allow Defendant to designate a new expert because there is no pretrial conference or trial date.  City of Pomona, 866 F.3d at 1066.  Moreover, Defendant's request is limited as it will only designate one new expert and will only allow the expert to conduct a vehicle inspection and prepare an expert report.  Id.  Any further prejudice is minimized because Plaintiff will have an opportunity to depose the new expert and have his expert prepare a rebuttal opinion.  Mot. at 5.

Plaintiff claims he will be prejudiced because he prepared the case "assuming that Defendants will produce no expert at trial."  Inscore Decl. at ¶ 4.  This is an assumption that is

---

[3] Plaintiff does not directly address Defendant's diligence, or lack thereof, in seeking and retaining a new expert after discovering its current expert was no longer available.  See Oppo.

24CV1763-AGS (BLM)

not based on any court order excluding Defendant's expert and is contradicted by the record showing that Defendant always intended to rely on expert testimony in defense of its case. In addition, both sides appear to rely on only one expert and the legal issues in this matter are not complex. The Court finds that the substitution of a new expert will not significantly impact trial strategy or preparation.

For these reasons, the Court finds that there is good cause to allow Defendant to substitute its expert witness and reopen expert discovery.

**C.     Sanctions**

The Court finds that while there is good cause to reopen discovery and allow Defendant to substitute its expert witness, Plaintiff will incur additional costs as a result of Defendant's conduct. To minimize this prejudice, the Court **ORDERS** Defendant to pay all videographer and reporter costs associated with the deposition of its newly retained expert, as well as all reasonable costs incurred by Plaintiff to have his expert prepare a new rebuttal report.

**CONCLUSION**

Defendant's Ex Parte Motion to Modify Scheduling Order to Substitute Expert and Re-Open Expert Discovery is **GRANTED**. The parties are **ORDERED** to file a joint status report with a proposed schedule including deadlines for conducting the vehicle inspection, issuance of expert reports, and expert deposition on or before **April 22, 2026**. Plaintiff's request for sanctions is **GRANTED in part** as set forth in Section C.

**IT IS SO ORDERED.**

Dated:  4/16/2026

Hon. Barbara L. Major
United States Magistrate Judge

24CV1763-AGS (BLM)